# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RONAN LE MAGUERESSE, | DOCKET NUMBER |
| Appellant, | DC-3443-15-0894-I-1 |
| v. | |
| CENTRAL INTELLIGENCE AGENCY, | DATE: January 19, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Ronan Le Magueresse, Nantes, France, pro se.

Sandy Caruco, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal in which he claimed that the Central Intelligence Agency (CIA or agency) forced him into involuntary "black ops" service without pay from November 2009 to May 2015.  Initial Appeal File (IAF), Tabs 1, 4, 12.  Because it appeared that the Board may not have jurisdiction over this appeal, the administrative judge issued an order informing the appellant that the Board does not have jurisdiction over CIA employees, and ordered him to provide evidence and argument showing that this action is within the Board's jurisdiction.  IAF, Tab 2.  In response, the appellant claimed that he was forced into a period of covert service by the CIA, that he received no pay or benefits during that period of time, and that there is no record of his service.  IAF, Tabs 1, 4, 5, 7.  The appellant submitted copies of correspondence between himself and the CIA, the National Security Agency (NSA), the Defense Intelligence Agency (DIA), the Department of the Navy, and the Department of State related to his requests for information under the Freedom of Information Act (FOIA).  The appellant also asserted that Congress could, with very little effort, modify the laws and provide the employees of the various national security agencies (CIA, NSA, DIA) with standard protections against adverse actions that most other Federal employees enjoy.  IAF, Tab 7.

¶3    The administrative judge dismissed the appeal for lack of jurisdiction, finding that the Board has previously determined that it lacks jurisdiction to review CIA personnel actions under the provisions of the National Security Act of 1947.  Initial Decision (ID) at 3-4.  The administrative judge further found that 5 U.S.C. § 7511, which creates the Board's jurisdiction over most Federal employees, explicitly excludes coverage of CIA employees under § 7511(b)(7).

¶4    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant must show by preponderant evidence that the Board has jurisdiction over his appeal.  5 C.F.R. § 1201.56(a)(2)(i).  A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

¶5    Here, the appellant asserts on review that he has new evidence that he obtained through a FOIA request.  Petition for Review (PFR) File, Tab 1.  Specifically, the appellant asserts that the agency now has accepted his FOIA request for information and that "arrangements are being made for its consideration by the Agency Release panel."  *Id*. at 5-6.  However, the appellant's only "new evidence" is a copy of a July 22, 2015 letter from the agency stating that it has accepted his appeal of the agency's decision "to neither confirm nor deny material responsive to his FOIA request."  PFR File, Tab 1 at 8.  He has not submitted any evidence that he was employed by the agency during the relevant period of time.  Thus, while the agency has agreed to consider his appeal of the denial of his FOIA request, the appellant has not submitted any new evidence of his employment status.  To the extent the agency's July 22, 2015 letter may be new evidence, it does not warrant disturbing the initial decision.  The Board will not grant a petition for review based on new evidence absent a showing that it is

of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶6    The appellant also appears to be asserting that, as a result of his accepted FOIA appeal, the agency will subsequently provide him documentary evidence showing that he was an agency employee and that the Board should consider such evidence when he finally receives it. PFR File, Tab 1. However, even if the appellant were to receive sufficient evidence to prove that he was employed by the agency during the relevant period of time, the administrative judge correctly found that the Board lacks jurisdiction to review CIA personnel actions. *See Neely v. Central Intelligence Agency*, 2 M.S.P.R. 371, 373 (1980). Thus, such evidence would not warrant an outcome different from that of the initial decision.

¶7    Finally, the appellant argues that the agency failed to respond to his discovery request and that the administrative judge erred by denying his discovery request. PFR File, Tab 1 at 6. The June 29, 2015 Acknowledgment Order set forth the Board's guidelines for engaging in discovery, as well as where to find the applicable regulations. IAF, Tab 2. On July 27, 2015, the administrative judge returned the appellant's discovery request, advising him that the Board does not participate in the discovery process until there is a failure or refusal to fully reply to the discovery request and a motion to compel is filed. IAF, Tab 10. In this case, the appellant did not file a motion to compel and the administrative judge did not deny his discovery request. The Board has held that, where an appellant has received specific notice of the Board's discovery procedures, but fails to comply with those procedures and, if necessary, file a motion to compel, the appellant has failed to exercise due diligence. *See Buscher v. U.S. Postal Service*, 69 M.S.P.R. 204, 210 (1995); *Head v. Office of Personnel Management,* 53 M.S.P.R. 421, 422 (1992) (finding that, absent a motion to compel, the appellant failed to exercise due diligence in pursuing discovery). Thus, we find that the appellant has shown no error by the administrative judge regarding his to discovery rulings. In any event, even if the administrative judge

had erred regarding his discovery rulings, the appellant has failed to show how any such error constituted an abuse of discretion because he has not shown how the information requested was material. *See Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 15 (2008) (determining that the appellant failed to show that the administrative judge abused his discretion by not extending the discovery period where the appellant failed to show how information that could have been obtained would have affected the administrative judge's finding that the Board lacked jurisdiction over the appeal), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).  Accordingly, we conclude that the appellant has shown no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.